LYON et al. v. BERTOLERO et al.

In a civil action plaintiffs procured an order of arrest, and defendants gave bail. The complaint contained a paragraph alleging the same facts as those set up in the affidavit for arrest, which, though sufficient in itself, incorporated such paragraph by reference. After issue joined the parties stipulated to withdraw the paragraph, the answer, and defendants' appearance. Plaintiffs took a default judgment, which ordered execution against the person. Code Civ. Proc. § 333, authorizes such execution where an order of arrest has been served and the complaint shows a cause for arrest. **Held,** that the judgment was proper, notwithstanding the stipulation, since the paragraph of the complaint was superfluous, and the order of arrest was unrevoked.

On appeal from a judgment awarding execution against the person in a civil action, defendant cannot question the constitutionality of the statute permitting imprisonment, where the question was not raised at the trial, and the order of arrest was not attacked.

(Opinion filed, April 6, 1909.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. Rice, Judge.

Action by David T. Lyon and others, partners as Lyon Bros., against Innocent Bertolero and another. From a judgment refus-

ing to exonerate bail and to amend the judgment for plaintiffs, defendants appeal.  Affirmed.

*H. E. Dewey*, for appellants.  *Jas. G. Stanley, McLaughlin &  Ogden*, and *Martin & Mason*, for respondents.

WHITING, J.  This action was one brought by respondents against appellants, and at the time of the commencement of the action the plaintiffs presented to the trial court affidavit, provided for in section 159, Code Civ. Proc. (which section is a part of the article providing for arrest and bail), and procured an order for arrest of the defendants, and they were afterwards arrested and gave bail.  The complaint was in ordinary form of complaint to recover value of goods and then followed paragraph 5 thereof, wherein was alleged the same facts as those set forth in the affidavit for arrest; the same constituting one of the statutory grounds for such arrest.  The answer denied only allegations of said paragraph 5 of the complaint.  No motion was ever made prior to judgment, asking vacation of said order of arrest.  After issue was joined the following written stipulation was entered by parties through their respective attorneys: "Stipulation.  It is hereby stipulated and agreed betwen the parties that the plaintiffs may, and they do hereby, withdraw the fifth paragraph of their complaint herein, and the said complaint may be considered and treated as though said fifth paragraph had never been inserted therein or. made a part thereof.  It is further stipulated that the defendants may, and they do hereby, withdraw their answer and appearance herein, and that the said cause may be treated and considered as though no appearance or answer had been made or filed herein."  The plaintiffs took a default judgment in ordinary form of money judgment, but said judgment also recited the issuance of the order of arrest, and that same had been served upon defendants more than 20 days prior to the date of the judgment, and said judgment ordered and adjudged that execution against the persons of the defendants be issued after return of execution against property providing said property execution was returned unsatisfied in full or in part.  After the rendition of such judgment, the defendants made a motion for an order exonerating the bail, and also asking that judgment be amended by striking therefrom the part directing execu-

tion to issue against the person.   The trial court denied the mo-
tion of defendants, and this appeal is from that part of the judg-
ment giving the right to a body execution.   It is the claim of the
appellants that upon the record the court had no jurisdiction to
grant that part of the judgment.   It appears that there was no re-
quest on the part of the appellants asking to be relieved from the
effects of the stipulation.

It is thus seen that the question before this court is whether or
not, if there had never been any paragraph 5 in the complaint, and
there had never been any answer, the court would have had juris-
diction to give judgment in form as rendered.   It is the contention
of the respondents that under our statute it was wholly unnecessary
to have any allegation for arrest and bail in the complaint; there
having been an order for an arrest issued and an arrest made, and
such order standing unrevoked at time of judgment.   The re-
spondents are clearly right in this contention.   Proceedings in ar-
rest and bail are very analogous to attachment proceedings.   When
facts exist which would authorize attachment proceedings, and the
creditor desires to get the property into the custody of the court
to insure the collection of his judgment, he need not change the
form of his complaint from what it would be in case no attachment
was desired.   Not one of the facts, upon which attachment pro-
ceeding must be based, would need be recited in the complaint.
The creditor would procure his attachment by filing the necessary
affidavit and bond, and when judgment issued, either default or
otherwise, on behalf of plaintiff, and the return of attachment
showed property seised thereunder, the attachment being still in
force, the court would take notice of these facts appearing upon
record and would direct on the judgment, if so requested, that the
said judgment be satisfied out of the property attached.   The part
of this judgment, in case at bar, which was based on order of ar-
rest, was certainly authorized by section 333, Code Civ. Proc.   It
is true this section provides for the granting of a body execution
where there has been no order of arrest, where complaint contains
the necessary allegations; but under the holding of this court in
Griffith v. Hubbard, 9 S. D. 15, 67 N. W. 850, paragraph 5 was at
all times wholly superfluous and contained no issuable allegations,

for the reason that the facts alleged in paragraph 5 form no part of the cause of action, so that the only thing upon which body execution could be based, in case at bar, was the order for arrest.

Appellants contend that, because the affidavit upon which arrest was made referred to the complaint and made it a part thereof, when paragraph 5 of the complaint was withdrawn, the affidavit for arrest became insufficient to sustain order of arrest, and therefore the order of arrest would not support the part of the judgment complained of. There is nothing in this contention. The affidavit remained entirely sufficient, as the allegations of paragraph 5 are found in affidavit also. Besides that, the order of arrest would stand until set aside by some order revoking the same. If appellants thought there was no sufficient affidavit remaining, they had their remedy by moving to vacate such order of arrest prior to the rendition of judgment. Then, if the order of arrest was vacated, there would have remained nothing upon which to base the part of the judgment complained of.

Appellants also contend that under section 15, art. 6, of the Constitution, the statute allowing imprisonment for debt in a case like this one is unconstitutional, and for that reason the trial court should have modified the judgment. There is nothing in the record to indicate that this claim of unconstitutionality was ever raised in the trial court, and it is quite evident that the motion in trial court was based entirely on other grounds. Furthermore, as we have before noted, the order for arrest was never attacked and stood as a valid and sufficient order upon which to base the part of the judgment which is complained of. If the appellants desired to raise the question of the constitutionality of the law in question, they should have moved to vacate the order of arrest and based their motion upon that ground.

The judgment appealed from is affirmed.

SMITH and McCOY, JJ., not sitting.