# J. I. CASE CO., Respondent, v. ALICK, Appellant

## (3 N. W.2d 482.)

(File No. 8478.   Opinion filed April 30, 1942.)
Rehearing Denied July 3, 1942.

**Henry C. Mundt,** of Sioux Falls, for Appellant.
**Parliman & Parliman,** of Sioux Falls, for Respondent.

WARREN, J. Plaintiff brought an action for damages against the defendant, the owner and operator of a certain truck used for hauling freight and livestock. It is charged that in 1929, the defendant in an improper, negligent and careless manner and without regard for the safety of others and their property drove his truck against its warehouse building, thereby causing damages thereto in the total amount of $190.60. The suit was brought in September, 1929, and brought on for hearing in the circuit court January 22, 1930. At the trial in circuit court different counsel appeared for both parties than now appear on this appeal. It would appear from the judgment that the parties through their then respective attorneys stipulated that a judgment be entered therein in favor of the plaintiff and against the defendant for the amount claimed in the complaint without taxable costs.

The judgment is silent and contains no statement or recital to the effect that it was brought to recover damages for injury to property. The judgment on its face appears to be what is generally known as a "straight money judgment".

The record is silent as to any attempt to enforce the judgment from the time of its entry in January, 1930, until May, 1941, when an execution was issued against the property of the defendant. The execution was returned as wholly unsatisfied. Thereafter on the 23d day of May, 1941, the plaintiff applied for an order directing the clerk to issue a body execution in this action. Defendant served an affidavit in special appearance covering many factual matters claiming that the accident referred to was unavoidable; that the defendant at the time of the accident did not operate the truck but was operated by a hired man; that a brake rod broke and the truck got out of control; that the plaintiff elected to take a money judgment and that there was no finding in the judgment that the property was damaged through any carelessness or negligence on the part of the defendant

and that the court had not secured jurisdiction as the service of the motion was made by registered mail and not by personal service. The court made its order directing the clerk to issue an execution against the person of the defendant in June, 1941. The defendant perfected an appeal to this court from said order of arrest and commitment to the county jail.

The appellant presents to this court the three following questions:

"1. Can the court direct the issuance of a body execution in this matter in view of the fact that it is a straight money judgment, and that there was no finding of damages to property because of the carelessness and negligence of the defendant.

"2. Did the plaintiff waive its right for a body execution by electing to take a straight money judgment and not providing for a finding that there was damage to property by carelessness and negligence.

"3. Did the court obtain jurisdiction of the defendant by having the notice of motion served by registered mail instead of personal service."

The respondent maintains that an execution against the person can issue if the complaint contains a statement showing injury to property.

SDC 33.1902 provides:

"When a judgment requires the payment of money or the delivery of real or personal property, it shall be enforced by execution against the property of the defendant. If it be in an action in which the defendant might have been arrested, it may also be enforced by an execution against the person of the judgment debtor as hereinafter provided. * * *

"No execution shall issue against the person of a judgment debtor unless an order of arrest has been served as provided in this Code, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by the chapter, 'Arrest and Bail', in the title 37, 'Judicial Remedies'."

And SDC 37.2502 provides: "The defendant may be arrested as hereinafter prescribed, in the following cases: (1)

Where the action is for an injury to person, character, or property, or wrongfully taking, detaining, or converting property."

It is urged by the respondent in defense of the proceedings that the complaint contains averments required to give the court power to issue its order of execution and arrest of the person pursuant to the statutory provisions quoted. The appellant attacks the proceedings and argues that the respondent waived a judgment based upon injury to property through negligence, when it elected to take a straight money judgment and in the failure to insert in the judgment a recital of facts showing that it was a judgment based upon injury to property through negligence and cites in support of his contention, 23 C. J. 915, § 1124.

In comparing our statute with the authority submitted we find the statutory language rather troublesome. The facts before us disclose that no order of arrest had been served prior to the obtaining of the judgment. The respondent relies upon the portion of the statute "unless the complaint contains a statement of facts showing one or more of the causes of arrest required by the chapter". There is a dearth of authorities covering this particular issue. In Lyon et al. v. Bertolero et al., 23 S. D. 82, 120 N. W. 766, this court considered an order of execution against the person. After certain stipulations concerning the matters set forth in the complaint, the plaintiffs took a default judgment in ordinary form of money judgment. That judgment recited the issuance of the order of arrest. The court in considering the necessity of the complaint to contain an allegation for arrest was unnecessary as there had been an order for arrest which stood unrevoked at the time of judgment and likened the proceedings of arrest and bail to that of attachment proceedings wherein the creditors desire to get the property into the custody of the court to insure the collection of a judgment, if obtained. The court then called attention to an earlier case of Griffith v. Hubbard, Sheriff, 9 S. D. 15, 67 N. W. 850, 852, in which this court in said earlier opinion calls the attention to the New York sections in which it would

appear that the pleadings raise all the issues as to the liability of the defendant to arrest and imprisonment and that the defendant should have an opportunity on the trial to contest and disprove the facts alleged, and we quote: "The defendant would have an opportunity on the trial to contest and disprove the facts alleged by the plaintiff, which he could not do if the facts showing his liability to arrest were not necessarily stated in the complaint. Where, however, the cause for arrest does not necessarily appear in the complaint, the execution against the person is prohibited, unless an order of arrest is served before judgment, thereby giving the defendant an opportunity to disprove the charges made against him prior to the judgment."

It necessarily follows that the framers of the statute had in mind a trial upon the issues as to the liability to be arrested and imprisoned. In the instant case no proceedings were had to determine appellant's liability to arrest. The stipulation for judgment could not deprive the defendant of the right to have the issue tried and as no findings were made of that issuable fact and no mention thereof appearing in the judgment, the gate closed to the respondent in pursuing his remedy by arrest and imprisonment of the appellant. That respondent may have had the statutory right to arrest and imprison the appellant before the entry of the judgment may be conceded, that, however, is not this case. The respondent must be held to the close observance of the statute and cannot now after the entry of this judgment have the enforcement of the remedy, which must have terminated by the entry of the judgment as it failed to preserve the right by suitable mandate therein.

A review of our statutes on arrest and bail, SDC 37.25 indicates that the remedy was intended to, by arrest, acquire the possession of the defendant much in the same fashion as in attachment proceedings. Lyon et al. v. Bertolero et al., supra. This seems quite evident in examining several sections of SDC 37.25 as will appear from the language used:

SDC 37.2505: "The order may be made to accompany the summons or at any time afterward before judgment. * * *"

SDC 37.2507: "A defendant arrested may at any time before judgment apply, * * *."

SDC 37.2508: "The defendant may at the time of his arrest, instead of giving bail, deposit with the sheriff the amount mentioned in the order and the sheriff shall thereupon give the defendant a certificate of the deposit and discharge him from custody. * * *"

SDC 37.2518: "If money be deposited, bail may, nevertheless, be given and justified on notice as provided in this chapter, at any time before judgment. * * *"

It will be observed that the term "before judgment" is used in several of the sections. It would therefore seem that undoubtedly it partakes of the nature of procuring security for the enforcement of any afterward adjudication in the form of a judgment.

We see no reason to go further than the statutes, especially in view of the fact that respondent at no time before judgment made application to have appellant arrested.

This judgment was based upon a stipulation of the parties. Such a judgment has some of the elements of a contract. Coolsaet et al. v. City of Veblen, 55 S. D. 485, 226 N. W. 726, 67 A. L. R. 1499. It follows that any construction of our statutes, other than as we have construed them in the foregoing opinion, would raise a serious constitutional question, in view of our constitutional provision against imprisonment for debt arising out of or founded upon contract. Constitution of S. D. Sec. 15, Art. VI.

For all of the foregoing, the order appealed from is reversed, vacated and set aside.

All the Judges concur.