RICE, Respondent, v. HOFER, Appellant

(39 N.W.2d 481)

(File No. 9079. Opinion filed October 21, 1949)

**Max· Royhl, Boyd M. Benson,** Huron, attorney for Appellant.

**I. A. Churchill, Churchill & Churchill,** Huron, attorneys for Respondent.

RUDOLPH, J. This is an appeal from an order ( f the circuit court refusing to discharge appellant, on habeas corpus, from an arrest under an execution against his person.

The judgment upon which the execution issued was entered after a trial and verdict by a jury. The complaint in the action alleged negligence of the defendant which resulted in personal injuries to the plainttiff. The answer was a general denial. The issues were fully presented to the jury and the verdict returned. The judgment contained no recital of the fact that the action was to recover for personal injuries, and there was no order of the court authorizing a body execution. A general execution was returned unsatisfied and thereafter the clerk of the circuit court issued the body execution.

It is the contention of the appellant that a body execution cannot be lawfully issued where no order of arrest was issued prior to judgment and where the judgment contains no finding or recital that the action was one falling within

SDC 37.2502, which provides when a defendant may be arrested in a civil action.

SDC 37.2502(1) authorizes the arrest of the defendant "where the action is for an injury to person, * * *." SDC 33.1902 provides that "No execution shall issue against the person of a judgment debtor unless an order of arrest has been served as provided in this Code, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by the chapter, 'Arrest and Bail', in the title 37, 'Judicial Remedies.'"

■ The complaint in the action now under consideration states a cause of action identical with the cause for arrest as provided in SDC 37.2502 and no order of arrest before judgment was essential to the issuance of the execution. Griffith v. Hubbard, 9 S.D. 15, 67 N.W. 850. Nor in such an action is there any requirement that the court order the clerk to issue a body execution. Hormann v. Sherin, 8 S.D. 36, 65 N.W. 434, 59 Am.St.Rep. 744.

■ Appellant relies upon the case of J. I. Case Co., v. Alick, 68 S.D. 423, 3 N.W.2d 482, but in that case the judgment was based upon a stipulation of the parties, and it was held that such a judgment having some of the elements of a contract was not subject of enforcement by a body execution. In the present case there was, of course, no stipulation for judgment, the action was tried upon its merits, and the merits being identical with the cause for arrest provided in SDC 37.2502, it follows that there was a trial upon the issue as to the liability to be arrested. There was no such trial in the Alick case; in that case as stated the judgment entered was not based upon the complaint, but upon the stipulation of the parties which made no reference to the original cause of action, nor did the stipulation bring the action within any of the causes for arrest.

■ Appellant at oral argument and by simple mention in his brief has sought to raise certain constitutional questions. It is apparent that the claim of unconstitutionality was not raised in the trial court. The constitutionality of a statute will be considered only when it has been properly presented in the lower court. Lyon et al. v. Bertolero et

al., 23 S.D. 82, 120 N.W. 766; Midland Nat. Life Ins. Co. v. Johnson et al., 69 S.D. 150, 7 N.W.2d 620.

The order appealed from is affirmed.

All the Judges concur.