NORTH CENTRAL INVESTMENT COMPANY et al., Respondents

v.

VANDER VORSTE, Appellant

(135 N.W.2d 23)

(File No. 10095.  Opinion filed May 10, 1965)

**Churchill, Sauer & Manolis, George N. Manolis,** Huron, **Charles Lacey, Robert L. Jones,** Sioux Falls, for defendant and appellant.

**Danforth, Danforth & Johnson, T. R. Johnson,** Sioux Falls, for plaintiffs and respondents.

**Stephens, Riter & Mayer,** Pierre, **Edgar T. Higgins, Richard H. Bate,** Morristown, N. J., for amicus curiae.

RENTTO, J. This litigation growing out of the lending of money by plaintiffs to the defendant involves the defense of usury. The first question presented concerns the civil penalty therefor.

The South Dakota Corporation in count 1 alleges that on April 15, 1960 it loaned the defendant $50,000 and took his note in that amount bearing interest at 8% per annum. He paid on it one year's interest amounting to $4,000, but nothing on the principal. The corporation asked judgment for the amount of the note with interest and foreclosure of the security furnished in connection therewith. Relative to this loan the court found that the lender loaned to the defendant only $49,000 and as a condition to making such loan it required the defendant to agree in advance that his note be in the principal sum of $50,000 and that such sum be discounted $1,000 with the intent and for the purpose of making a charge for the loan in the amount of the discount, of which the defendant received no part, in addition to interest provided in the note.

The North Central Investment Company, a subsidiary of the South Dakota Corporation, licensed under our Installment Repayment Small Loan and Consumer Finance Law, in count 2 alleges that it entered into an agreement with the defendant

for accounts receivable financing evidenced by a written agreement dated September 7, 1960. This instrument is in the record as Exhibit 25. In accord therewith defendant transferred to the Investment Company certain accounts receivable and it advanced funds to the defendant. It claims that under the agreement the sum of $34,768 exclusive of interest, is unpaid. Judgment in this amount is requested.

So far as here material this agreement provides that the Investment Company from time to time will purchase accounts receivable from the defendant and pay therefor up to 75% of the net amount thereof. The payment of the remainder of the accounts as collected is the subject of a further and more detailed provision. It also provided that the defendant at the end of each month will pay to the Investment Company, as its compensation, 1/30th of 1% per day upon the purchase money outstanding, from the date of purchase to the date of payment of the account. Defendant contends that the arrangement was a loan agreement commonly referred to as a factoring contract and that the compensation he was required to pay was interest in excess of that allowed by our statute. The Investment Company urges that it provided instead for an assignment and sale of the accounts, and that the charge was for services rendered by it and was not interest.

The trial court was of the view that the exhibit was not an assignment and a sale of accounts, but rather that it created the relationship of debtor and creditor and found that it was entered into solely as security for the loans made by the Investment Company to the defendant. It further found that the Investment Company did not render any service whatsoever to the defendant under the exhibit, nor did the parties intend that it should and that the charge made therein against the defendant was in fact interest on the money loaned to him.

On this factual basis it concluded that in each of these loans the plaintiffs contracted to receive a greater rate of interest than is permitted by our law and that such loans and the exhibits involved in them were usurious. The judgment awarded plain-

tiffs the amounts remaining unpaid on their loans, but without any allowance of interest and defendant was given credit on the unpaid portions of the loans for the sums he had paid as interest. From the judgment only the defendant has appealed.

Since the plaintiffs have not appealed the propriety of the court's determination that the loans were usurious is not presented.

In his attack on this portion of the judgment defendant claims that because of the usury both transactions are rendered void by reason of which plaintiffs can recover nothing and that they instead are indebted to him for the sums he has paid thereon. Plaintiffs on the other hand contend that with loans of the type here involved forfeiture of interest is the only penalty provided by our laws on usury. This was the view taken by the trial court.

In the resolution of our problem two differing statutory provisions are urged upon us. Plaintiffs contend that the applicable penalty for usury is prescribed by SDC 38.0111. By that section the forfeiture of interest is made the penalty for usury, but the lender may recover the principal of the loan less any interest that was paid. Defendant argues that the provisions of Ch. 16, Laws of 1953, now SDC 1960 Supp. Ch. 6.04B should be invoked declaring the loan void and denying to the plaintiffs any right to receive or collect any of the principal, interest or charges on the loans involved.

From territorial days the penalty for usury has been substantially as provided in SDC 38.0111. It is a part of SDC Ch. 38.01 which contains our law on the general subject of interest and usury. Ch. 16 of the Laws of 1953 does not purport to either amend or repeal the former law. Rather it seems to us to take certain types of loans and make them subject to elaborate and detailed provisions, licensing the lenders, regulating and supervising their manner of doing business, including interest that may be charged, and policing their activities and prescribing civil and criminal penalties for violation of the act.

In the enactment it is designated as the Installment Repayment Small Loan and Consumer Finance Law. In SDC 1960 .

Supp. 6.04B02, the definition section of the law, it states: "The word 'loans' means installment repayment loans except in the case of single repayment loans of not more than fifty dollars which are repaid within thirty days from the making thereof." As to loans less than $2,500 the lender may contract for interest not exceeding 36% per annum on any loan not in excess of $300 and 9% per annum on the remainder. 6.04B19. On loans in excess of $2,500 the interest shall not be greater than 8% or at a rate provided by some other specific enactment under which the licensee operates. 6.04B20. This section also limits the time over which loans under the act may extend, varying with the amount of the loan, but not over 36 months.

The South Dakota Corporation is not a licensee under the act. This fact gives rise to the suggestion that therefore its loans are not subject to the provisions of the act. We do not share that view. 6.04B03 provides that: "Any person who shall lend money on either a single payment or installment repayment plan in excess of the rate specified in SDC 38.0109, or some other specific law and then only to the extent of that other specific law, shall be deemed to have subjected himself to all of the penalty provisions of this chapter, whether of a criminal or civil nature, and whether instituted by the state or by borrowers, and the consequences thereof,". It seems to us that by this provision the legislature made this act apply to any person making such loans whether licensed under it or not. Otherwise the legislature's use of the phrase "shall be deemed to have subjected himself to all of the penalty provisions" is rendered surplusage. See Powell v. Edwards, 162 Neb. 11, 75 N.W.2d 122; State ex rel. Beck v. Associates Discount Corporation, 162 Neb. 683, 77 N.W.2d 215.

As indicated above the penalty for usury under SDC 38.0111 and SDC 1960 Supp. 6.04B are different and contradictory. In that situation it is our duty to reconcile them and to give effect, if possible, to all of the provisions under consideration, construing them together to make them harmonious and workable. Black v. Circuit Court, 78 S.D. 302, 101 N.W.2d 520. This can be done by regarding the latter as creating an exception to our general interest and usury laws. That we think it clearly

is. It is concerned with only two types of loans—installment repayment loans, and single repayment loans of not more than $50 which are repaid within 30 days of the making thereof. Accordingly, we hold that the penalties for usury therein provided apply only to these two types of loans. Since neither of the loans here involved are of that type the penalty for the usury with which they were found to be infected is as prescribed in SDC 38.0111.

■ ■ Moreover, this act in providing a forfeiture, one much harsher than that prescribed by our general statute on usury, is penal in nature as it concerns the lender. Consequently it should not be construed to embrace loans not expressly enumerated therein. 97 C.J.S. Usury § 8; 55 Am.Jur., Usury, § 6. It is our duty to carry out the legislative policy, but before we enforce the penalties prescribed in laws of this type we must be satisfied that the transaction involved is one that the legislature has declared to be subject to such sanctions.

Several months after the judgment was entered the plaintiffs applied to the court for an execution against the person of the defendant. This was granted, but the issuance of such execution was stayed until the determination of this appeal. Defendant contends that a body execution may not properly issue in the circumstances of this case. In this we concur.

Our law provides for an order of arrest to be issued at any time after the action is commenced and before judgment. SDC 1960 Supp. Ch. 37.25. There is also provision for such arrest after judgment. SDC 1960 Supp. 33.1902. This section, however, declares that "No execution shall issue against the person of a judgment debtor unless an order of arrest has been served as provided in this Code, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by the chapter, 'Arrest and Bail', in the title 37, 'Judicial Remedies.'" Since no order of arrest had been served in this action our problem is to determine whether the complaint contains a statement of facts showing one or more of the causes of arrest required by Ch. 37.25.

The cases in which a defendant may be arrested are enumerated in SDC 1960 Supp. 37.2502 as follows:

"(1)  Where the action is for an injury to person, character, or property, or wrongfully taking, detaining, or converting property; .

"(2)  When the defendant has been guilty of a fraud in contracting the debt, or incurring the obligation for which the action is brought, or in concealing or disposing of the property for the taking, detention, or conversion of which the action is brought, or when the action is brought to recover damages for fraud or deceit;

"(3)  When the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors;

"(4)  In an action for money received or property embezzled or fraudulently misapplied by a public officer, attorney at law, officer, or agent of a corporation, or a banking association, or by any factor, broker, agent, or other person in a fiduciary capacity, in the course of duty or employment in such capacity;

"(5)  In an action for any misconduct or neglect in any official or professional employment;

"(6)  In an action for a fine or penalty;

"(7)  In an action on a promise to marry;

"(8)  In an action for recovery of damages, on a cause of action not arising on contract, where the defendant is not a resident of the state or is about to remove therefrom;

"(9)  In an action to recover the possession of personal property unjustly detained, where the property or any part thereof has been concealed, removed, or disposed of, so that it cannot be found or taken by

the sheriff, and with the intent that it should not be found or taken, or with the intent to deprive the plaintiff of the benefit thereof; but  *  *  *."

The plaintiffs do not contend that there is anything in their first cause of action which would justify the arrest of the defendant. Their efforts to support it concern only count 2.

As to this count their complaint alleges that when defendant assigned some of the accounts thereunder to the Investment Company he had full knowledge of their disputed nature, but nevertheless represented the same to be good, valid and subsisting accounts and that the balances represented thereby were due and owing. It is claimed that the defendant in accepting advances on these accounts committed a fraud upon the Investment Company. In their reply to defendant's amended answer and counterclaim the plaintiffs plead the following matters pertinent to our inquiry:

"Allege that the defendant has been guilty of a fraud in contracting the debt and/or incurring the obligation for which this action is brought insofar as it relates to the item hereinafter described. That at the time the plaintiffs advanced the defendant the sum of $17,754.00 when they factored the 'Morgan and Oswood' account, the defendant represented to the plaintiffs that he had a valid contract with said 'Morgan and Oswood' amounting to $22,122.03 and that such amount was due and owing to him at said time, or would be upon completion of a certain contract that he had with said 'Morgan and Oswood' and that advancements would be made to him thereon from time to time. That the plaintiffs, relying upon said defendant's representations which were false and known to be false by said defendant, the plaintiffs factored said account and advanced said sum, and if they had known otherwise they would not have factored said account and/or advanced said sum to said defendant.  *  *  *

"That the plaintiffs factored the Brezina Construction-Capehart account described in the Complaint, ex-

cept the amount thereof was $34,444.00 in lieu of $14,-246.00. That plaintiffs advanced the defendant 75% thereof, or $25,833.00. That the defendant thereafter and commencing with May 10, 1961, obtained the sum of $34,920.00 from said Brezina Construction Company based upon said account. That the defendant paid the plaintiffs the sum of $10,152.37, and in lieu of giving all of said sums to the plaintiffs, the defendant wrongfully and/or fraudulently misapplied the balance of $24,291.63 to his own use and benefit."

In the prayer for relief on this pleading the plaintiffs ask that defendant be adjudged guilty of a fraud in contracting the debt or incurring the obligation for which this action is brought insofar as it involves the Morgan Oswood account. Incidentally the original complaint requested only a money judgment on the second cause of action.

The trial court found that on or about May 9, 1961 the defendant received a check in payment on an account receivable which had been assigned to plaintiffs under Exhibit 25 and converted it to its own use; and that on May 12, 1961 he converted a check received by him on another account that had been assigned. It also found that none of the assigned accounts were disputed at the time they were assigned and that at such time defendant had no knowledge that any of said accounts would be disputed and made no representations concerning any of said accounts knowing or having reason to suspect that any of said accounts were not good, valid or subsisting; or that the entire balances thereof were not due and owing at the time of the assignment thereof. The court concluded that the defendant was indebted to plaintiffs in the sum of $74,192.50 and that plaintiffs were entitled to a fraud judgment against him in the sum of $19,135.72 because he had been guilty of fraud in incurring such amount of said total debt. This latter conclusion is based on the two checks that had been converted.

■■ While SDC 1960 Supp. 33.1902 prohibits the issuance of an execution against the person of the debtor in cases where no order of arrests was served before judgment, unless the com-

plaint contains a statement of facts showing one or more of the statutory causes for arrest, we believe that this must be construed to mean that when such statement of facts is put in issue in the litigation, an execution may not issue against the person of the debtor unless the court determines that such statement of facts is established by the evidence. See Griffith v. Hubbard, 9 S.D. 15, 67 N.W. 850; Lyon v. Bertolero, 23 S.D. 82, 120 N.W. 766. Otherwise the debtor would be denied his right to dispute the grounds alleged as authorizing his arrest. J. I. Case Co. v. Alick, 68 S.D. 423, 3 N.W.2d 482. In other words, it is not the mere statement of the grounds for arrest that is essential, but rather their existence.

The plaintiffs in requesting the issuance of a body execution were relying on subdivision (2) of SDC 1960 Supp. 37.2502. So far as here material it provides for the arrest of the debtor "When the defendant has been guilty of a fraud in contracting the debt, or incurring the obligation for which the action is brought." It seems to us that these two clauses, fraud "in contracting the debt" or fraud "in incurring the obligation" are not synonymous. If they were there would be no reason for including the latter in the statute. In our view the second count in this litigation concerns only a debt which was contracted. Under Exhibit 25, as observed by the trial judge, in his memorandum opinion, the defendant's obligation to repay the advancements made is unqualified.

██ The only fraud of which the defendant was found guilty—converting the two checks—occurred subsequent to the contracting of the debt for which the action is brought. Novotny v. Kosloff, 214 N.Y. 12, 108 N.E. 189; Frazier v. Tittle, 100 N.Y.S.2d 534. His liability to pay to the Investment Company the money claimed in count 2 arose out of his agreement to pay and not by reason of these conversions. Accordingly, we hold that the trial court's conclusion that the defendant had been guilty of fraud in incurring a part of his total debt is erroneous and that no execution may issue herein against the person of the debtor.

██ ██ The right to arrest in a civil action is a drastic remedy, penal in nature. It should not be extended by con-

struction. As indicated in J. I. Case Co. v. Alick, supra, one seeking to avail himself of such remedy must be held to a close observance of the statute. We are reminded by the defendant that Section 15, Art. VI of our Constitution provides that "No person shall be imprisoned for debt arising out of or founded upon a contract." He urges that his imprisonment herein would be in violation of that provision. Our holding precludes consideration of that contention.

Accordingly, the judgment must be modified by striking out the provisions granting plaintiffs a fraud judgment and as so modified it is affirmed.

All the Judges concur.