SMASHED ICE, Appellant v. LEE, Respondent

(200 N.W.2d 236)

(File No. 10896. Opinion filed September 7, 1972)

**William J. Janklow, William Brauer,** Rosebud, for plaintiff and appellant.

**Dudley R. Herman** of **Herman & Wernke,** Gregory, for defendant and respondent.

WINANS, Judge.

Plaintiff, Sam Smashed Ice, brought this action alleging that the defendant, Jack Lee, made usurious loans to him. The plaintiff in this action seeks to recover from the defendant the principal and interest paid on the loan, together with a declaratory judgment that the balance of his remaining account is void and uncollectible.

There is no substantial dispute as to the facts. Defendant is engaged in a general mercantile business in White River, South Dakota. Plaintiff, a resident of nearby Parmalee, was a customer of the defendant. Between June 5, 1967 and March 30, 1968

plaintiff and the defendant entered into a series of transactions whereby the defendant sold the plaintiff groceries and dry goods on credit. The defendant charged his account the actual prices of these items and there is no question concerning the plaintiff's duty to pay for the goods. Such account is no part of the loan, being simply an open account for goods and merchandise sold and delivered. However, the defendant also advanced cash to the plaintiff and on several occasions he permitted the plaintiff to charge gas at a local station for which the defendant paid the station and in turn charged plaintiff's account. With respect to cash and gasoline, defendant charged plaintiff's account $6.00 for every $5.00 actually given him. To repay said loans, the plaintiff was to give his monthly welfare checks to the defendant. It was further agreed the account was to be paid in full from the plaintiff's expectancy of an inheritance from his father's estate.

The lower court found the transactions involving cash and gas to be loans and usurious. Plaintiff does not contest these conclusions, nor has defendant appealed them, and consequently these conclusions are not at issue in this appeal. However, the court denied the plaintiff relief under the penalty provisions of the South Dakota Installment Repayment Small Loan and Consumer Act (SDCL 54-6-22 and 54-6-40). Instead, the court granted the plaintiff relief pursuant to the general usury statute (SDCL 54-3-12). Pursuant thereto the court voided the interest due to the defendant and found the plaintiff indebted to the defendant in the sum of $371.68.

It is the plaintiff's sole contention on appeal that the South Dakota Installment Repayment Small Loan and Consumer Act was operative against the transaction and therefore the lower court erred in not awarding relief pursuant to the penalty provisions of the act. Thus the issue presented to this court on appeal relates to the nature of the relief to be awarded the plaintiff.

The penalty for usury under the two statutes is different and contradictory. The general usury statute, which the lower court found applicable to the case, provides in effect that where usurious interest rates are charged, the lender shall forfeit the whole of such interest. By contrast, the penalty provisions of the Install-

ment Repayment Small Loan and Consumer Finance Act would render a usurious loan void and the lender would forfeit principal as well as interest.

In reconciling these contradictory statutes, this court in North Central Investment Co. v. Vander Vorste, 1965, 81 S.D. 340, 135 N.W.2d 23, found that the penalty provisions of the Act create an exception to the general interest and usury statute which is applicable only to installment repayment loans and single repayment loans of not more than $50 which are repaid within 30 days of the making thereof.

The lower court found that the plaintiff was to turn over his monthly welfare checks to the defendant in repayment of the loan and it was the uncontroverted testimony of the defendant himself that the loans were to be repaid in "installments". Despite these findings, the lower court concluded that the transactions between the parties did not fall into either of the categories to which the forfeiture provisions of the Act apply. With that conclusion, we cannot agree.

In Vander Vorste, supra, the court did not define the phrase "installment repayment loan" other than to hold that the loans involved in the particular case were not of that type. No subsequent South Dakota case has defined the phrase but in other jurisdictions an installment loan is simply any loan where different portions of the same debt are payable at different successive periods as agreed. Kenney v. Los Feliz Investment Co., 1932, 121 Cal.App. 378, 9 P.2d 225.

■ Under any reasonable construction of the phrase "installment repayment loan", a loan which contemplates the debtor repaying by monthly payments must be considered an installment repayment loan. To hold otherwise would render meaningless the penalty provisions of the South Dakota Installment Repayment Small Loan and Consumer Act as interpreted by North Central Investment Co. v. Vander Vorste, supra.

■ Where the penalty provisions of the Installment Repayment Small Loan and Consumer Act apply, the transaction will

be rendered void as a result of the extraction of a usurious interest rate. The defendant lender may not retain any benefits which he has received thereunder nor may he seek to be placed in the status quo, for it is expressly forbidden by the terms of the statute to collect any principal or interest whatsoever. In interpreting similar forfeiture statutes, courts in other jurisdictions have reached the same conclusion in regard to the return of benefits received and a forfeiture of principal and interest not yet paid. See Rosenblum v. Family Finance Corporation, 1942, 179 Misc. 1050, 39 N.Y.S.2d 230 and McNish v. General Credit Corp., 1957, 164 Neb. 526, 83 N.W.2d 1.*

■ Therefore, since the South Dakota Installment Repayment Small Loan and Consumer Act applied, the lower court erred in not awarding the plaintiff relief pursuant to the penalty provisions of the act. The court should have ordered the defendant to return all money received in repayment of the loan and the balance of the debt should have been declared void and unenforceable.

Although the penalty provided by the act may be harsh toward the lender and result in a windfall gain for the borrower, it is not for the court to question the wisdom of the legislature in prescribing what it determines to be necessary safeguards. It is the duty of the court to carry out legislative policy as prescribed by the act and if the penalty is to be changed, it must be changed by the legislature.

Reversed and remanded with directions to enter judgment in accordance with this opinion.

HANSON, P. J., and BIEGELMEIER and WOLLMAN, JJ., concur.

DOYLE, J., not having been a member of the court at the time of argument, took no part in this decision.

---

* Nebraska has since changed by amendment the harsh results of their statute which now provides for forfeiture of interest alone.