SECURITY SAVINGS BANK, Larchwood, Iowa, Plaintiff and Appellee,

v.

Gene W. MUELLER, Defendant and Appellant.

No. 13215.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1981.

Decided July 22, 1981.

Gene E. Pruitt of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for plaintiff and appellee; Richard A. Johnson of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, on the brief.

Douglas P. Cummings, Jr., East River Legal Services, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

The Second Judicial Circuit Court, Judge William H. Heuermann presiding, entered a default judgment against Gene W. Mueller (appellant). Security Savings Bank, Larchwood, Iowa (appellee), sought and received a property execution which was returned unsatisfied. On February 4, 1980, a body execution was granted on appellee's motion. The court denied appellant's motion of February 22, 1980, to vacate or set aside the arrest order. After more than a month in the Minnehaha County Jail, appellant petitioned for a writ of habeas corpus. Judge Robert C. Heege, Second Judicial Circuit, denied the writ but granted a stay of execution to permit this appeal. We reverse and remand.

Appellee brought an action against appellant to collect a delinquent debt owed by appellant. The complaint also alleged that appellant had fraudulently procured the debt. Appellee received a default judgment which was docketed on October 25, 1979. In January, an execution on appellant's property was returned unsatisfied. Within one month, an execution on appellant's person issued on appellee's motion. Appellant was arrested and jailed in Minnehaha County Jail without a hearing on the merits. Another motion hearing took place on February 25, 1980, when appellant moved to vacate the arrest order.

Obviously, the order to arrest appellant was served after docketing the default judgment. South Dakota Compiled Laws 15–22–9 requires service before docketing the judgment. Judge Heuermann heard this argument when appellant moved to vacate or set aside the arrest order. Although appellant failed to prevail on that motion, he did not appeal the judgment. A few months later appellant again argued that service was improper under SDCL 15–22–9. This time, Judge Heege heard the argument on appellant's habeas corpus petition and ruled against appellant. This ruling is before us now. The issue presented is whether a body execution is properly issued absent a previous evidentiary hearing.

On the instant facts, appellant is mounting a collateral attack on the judgment ordering his arrest from which no appeal ensued. Although habeas corpus is not a substitute for direct appeal, *State ex rel. Ruffing v. Jameson*, 80 S.D. 362, 123 N.W.2d 654, 656 (1963), appellant may assert jurisdictional errors which render the first judgment void. *State ex rel. Medicine Horn v. Jameson*, 78 S.D. 282, 100 N.W.2d 829, 831 (1960); *Acker v. Adamson*, 67 S.D. 341, 293 N.W. 83, 85 (1940); See, e. g., *Griffith v. Hubbard*, 9 S.D. 15, 67 N.W. 850 (1896). In the context of habeas corpus, jurisdictional error is given an expansive construction. Of course, this includes personal and subject matter jurisdiction, but due process violations and compliance with substantive statutory procedures are also

subject to challenge in habeas corpus proceedings. *State ex rel. Baker v. Jameson,* 72 S.D. 638, 38 N.W.2d 441, 444 (1949); *Acker v. Adamson,* 293 N.W. at 85–86; *State ex rel. Ruffing v. Jameson,* 123 N.W.2d at 656. Since appellant argued that the body execution issued without full compliance with SDCL 15–22–9 (repealed Sess. L.1980, ch. 165, § 9), this provision is jurisdictional, by its own terms,* for the purpose of a collateral attack in habeas corpus proceedings. If it applies, appellant's challenge is properly presented on habeas corpus. *Griffith v. Hubbard,* supra, 67 N.W. at 850.

South Dakota Compiled Laws 15–22–9 requires service of the order of arrest before *any* judgment is docketed. On its face, this provision applies to pre-judgment body execution designed to prevent a defendant's absence or as a means of locating non-exempt assets available for later execution. See *Rainier Nat'l Bank v. McCracken,* 26 Wash.App. 498, 615 P.2d 469 (1980). The court, however, granted appellee a post-judgment body execution. No body execution, however, shall issue against a judgment debtor unless service complies with the provisions of "this code" or the complaint states a cause of action within SDCL ch. 15–22. SDCL 15–18–3. Since appellee sought body execution after receiving a judgment, SDCL 15–18–3 is apposite.

Even assuming that the words "this code" incorporates SDCL 15–22–9, appellant's argument is seemingly faulty. South Dakota Compiled Laws 15–18–3 is disjunctive. Either service in compliance with SDCL 15–22–9 *or* a complaint alleging an action within SDCL ch. 15–22 satisfies its provisions. Here, appellee's complaint alleged fraud as specified in SDCL 15–22–2(2).

At first glance, appellee's complaint complies with SDCL 15–18–3, but under a line of cases beginning in 1896, a complaint, by itself, is insufficient to obtain a post-judg-

ment body execution. *North Central Investment Co. v. Vander Vorste,* 81 S.D. 340, 135 N.W.2d 23, 29 (1965); *Rice v. Hofer,* 73 S.D. 75, 39 N.W.2d 481 at 482; *J. I. Case Co. v. Alick,* 68 S.D. 423, 3 N.W.2d 482, 484 (1942); *Griffith v. Hubbard,* 67 N.W. at 851–852 (1896); Accord, *Lyon v. Bertolero,* 23 S.D. 82, 120 N.W. 766, 768 (1909). Although each of these cases questions the constitutionality of SDCL 15–18–3, the provision is the same today as in 1896 when *Griffith v. Hubbard* was decided.

*Griffith,* an appeal from discharge on habeas corpus, concerned an action to collect on a promissory note. The allegations also stated that the debtor had made false representations. In affirming the debtor's release, the court held that the allegations of fraud were superfluous to the cause of action which arose from the note.

" . . . It would be absurd, in an action on a promissory note, to allow a party, after judgment . . . without having obtained an order of arrest, merely by incorporating into the complaint a statement of facts sufficient to have authorized the order upon a motion. Such facts have no legitimate place in a complaint, unless they are pertinent to the cause of action; and, if they are, they should be proved on the trial."

Ibid., 9 S.D. at 22, 67 N.W. at 852, quoting *Elwood v. Gardner,* 45 N.Y. 349 (1871).

Later, in *J. I. Case,* 3 N.W.2d at 484, the court explained *Griffith* and reversed a body execution arising from stipulated liability. "[T]he framers of the statute had in mind a trial upon the issues as to the liability to be arrested and imprisoned." Id. Absent trial on liability, the court required plaintiff to obtain a pre-judgment body execution order. Moreover, a different statutory construction would have raised serious constitutional questions. Id., at 485.

Finally, in *North Central Investment Co.,* the plaintiff sought a body execution based

---

* "The order of arrest shall be of no avail, and shall be vacated or set aside on motion, unless the same is served upon the defendant, as provided by law, before the docketing of any judgment in the action." SDCL 15–22–9. This provision is jurisdictional because it expressly provides that noncompliance will void a prior judgment. The use of habeas corpus on these grounds is limited to the specific facts of this case.

on the allegations in its complaint for recovery on a promissory note and in fraud. "[W]hen such statement of fact is put in issue in the litigation, an execution may not issue against a person of the debtor unless the court determines that such statement of fact is established by the evidence. . . . In other words, it is not the mere statement of grounds for arrest that is essential, but rather their existence." Id., 135 N.W.2d at 29; See also *Rice v. Hofer,* 39 N.W.2d at 481; *Lindsey v. County of Cumberland,* 278 A.2d 391 (Me.1971).

 The rule of these cases is certain. Unless liability sufficient for body execution under SDCL 15–22–2(2) is found on the merits, a plaintiff cannot rely on post-judgment body execution. This construction avoids the constitutional pitfalls experienced by other states. See, e. g., *Grimes v. Miller,* 429 F.Supp. 1350 (M.D.N.C.1977) aff'd, 434 U.S. 978, 98 S.Ct. 600, 54 L.Ed.2d 473; *In re Harris,* 69 Cal.2d 486, 446 P.2d 148, 72 Cal.Rptr. 340 (Cal.1968); *Palumbo v. Manson,* 35 Conn.Supp. 130, 400 A.2d 288 (1979); *Abbit v. Bernier,* 387 F.Supp. 57 (D.C.Conn.1974). Here, appellee received a default judgment which states that plaintiff offered evidence to support the allegations of its complaint. The evidence, however, consisted only of the various promissory notes. There was no evidence offered to prove the allegations of fraudulent representation. Fraud is never presumed or lightly inferred and the burden of establishing fraud rests on the party who is to rely on it for affirmative relief. *Aschoff v. Mobil Oil Corp.,* 261 N.W.2d 120 (S.D.1977); *Kunkel v. United Security Ins. Co. of New Jersey,* 84 S.D. 116, 168 N.W.2d 723, 732 (1969). South Dakota Compiled Laws 15–6–55(b)(1) authorizes courts to take evidence to establish the truth of any averment before issuing a default judgment. Our aforementioned holdings make this mandatory where a body execution based on fraud is sought.

 This defect was not cured by appellee's motion for a body execution. Application for body execution was made and the order issued without notice or evidentiary hearing on the same day. Appellant first received notice when the sheriff served the arrest order. Even at the hearing on appellant's motion to vacate the order of arrest, no evidence of fraud was produced on the record. At no time did any court hear evidence on the record of appellee's claim of fraud. The body execution was void because appellee wholly failed to comply with SDCL 15–18–3 as construed by the South Dakota Supreme Court.

Although appellant raises other issues, it is unnecessary to address them. We reverse the order denying appellant's petition for discharge under habeas corpus and remand to the trial court to enter an order discharging appellant from custody under SDCL 21–27–16(4).

All the Justices concur.