**Benjamin Ralph SPIRIT TRACK, Petitioner and Appellant,**

v.

**STATE of South Dakota, Respondent.**

**No. 12468.**

Supreme Court of South Dakota.

Argued Nov. 20, 1978.

Decided Dec. 22, 1978.

Stanley E. Whiting of Day & Grossenburg, Winner, for petitioner and appellant.

John P. Guhin, Asst. Atty. Gen., Pierre, for respondent; William J. Janklow Atty. Gen., Pierre, on the brief.

MORGAN, Justice.

This is an appeal from a judgment of the Circuit Court for the Sixth Judicial Circuit denying application for post-conviction relief. Appellant contends that the circuit court erred in ruling that his guilty plea was voluntarily and intelligently given and that his constitutional rights had not been violated by the acceptance of said plea by the trial judge. We reverse.

On June 18, 1975, Benjamin Ralph Spirit Track (appellant) was charged with five counts of larceny and one count of third-degree burglary. Following plea negotiations, appellant was arraigned and pled guilty to one count of grand larceny and the third-degree burglary charge. The remainder of the charges were dismissed upon the prosecution's request. At the arraignment, the information containing the charges was read to appellant and the trial judge discussed the charges with him. Appellant stated that he had been intoxicated at the time and that he did not remember some of the events. After further discussion the trial judge accepted appellant's guilty plea and sentenced him to five years in the South Dakota State Penitentiary.

On March 23, 1977, appellant initiated this action in circuit court for post-conviction relief contending that (1) his plea of guilty was not voluntarily and intelligently given because (a) he was not advised by his attorney nor by the trial judge that specific intent was a crucial element of the offense charged; and (b) he was not advised that SDCL 22-5-5 made the defense of voluntary intoxication available to him; (2) that the trial court failed to ascertain a factual basis for acceptance of the plea of guilty.

The circuit court ruled that appellant's plea had been voluntarily and intelligently given; that appellant had been sufficiently apprised of the intent requirements of the crimes; that the judge did not err in not bringing SDCL 22-5-5 to the attention of appellant before accepting his plea of guilty; and that the trial judge determined that there was a factual basis for the guilty plea. Appellant appeals the circuit court's decision.

 In reviewing the circuit court's decision, we may not upset its factual findings unless they are clearly erroneous. SDCL 15-6-52(a); *Cunningham v. Yankton Clinic, P.A.*, S.D., 262 N.W.2d 508 (1978). Further, we must bear in mind that in cases such as this, the burden of proof is upon the appellant. *State v. Brech*, 84 S.D. 177, 169 N.W.2d 242 (1969); *Nachtigall v. Erickson*, 85 S.D. 122, 178 N.W.2d 198 (1970). In order for a guilty plea to withstand attack on constitutional due process grounds, the record must affirmatively show that the plea was voluntarily and intelligently given. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Nachtigall v. Erickson*, supra. The record must show that the judge "canvassed" the matter with the accused before accepting the plea of guilty to determine whether the appellant was freely and intelligently waiving his constitutional rights relating to self-incrimination, confrontation, and jury trial, and whether the appellant understood the nature and consequences of the plea. SDCL 23-35-19; *Nachtigall v. Erickson*, supra.

We look first to the appellant's contention that the court below erred in finding that a sufficient factual basis had been established on the record to allow the trial judge to accept appellant's plea of guilty.

Rule 11 of the Federal Rules of Criminal Procedure, the requirements of which were

adopted in substance by this court in *State v. Doherty,* S.D., 261 N.W.2d 677 (1978), includes the requirement that a factual basis be established for the acceptance of a plea of guilty.[1] The United States Supreme Court, in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), explained this requirement as follows:

> [I]n addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information . . .' Requiring this examination of the relation between the law and the act the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.' 394 U.S. at 467, 89 S.Ct. at 1171.

The requirement that a factual basis be established on the record before acceptance of a guilty plea is not unduly burdensome. It can usually be established by the interrogation of the defendant by the judge. An admission by the defendant that he/she performed the acts which constitute the crime is sufficient. If the defendant cannot or will not admit the facts establishing the elements of the crime, the trial court may admit transcripts of testimony, sworn statements, handwritten statements, oral testimony, police reports or other material which will satisfy the court of the existence of a factual basis for the plea.[2] None of this was done in this case. A review of the brief portion of the arraignment record where the trial judge attempted to determine a factual basis for the plea shows that appellant did not admit to the acts which constituted the crimes he

was being charged with. In fact, he stated that he could not remember doing the acts but that he wished to plead guilty anyway. No testimony, statements or other evidence was presented on the record which set out the acts appellant allegedly committed.

Therefore, we agree with appellant that the circuit court erred in finding that a sufficient factual basis had been established on the record to allow the trial judge to accept appellant's plea of guilty. Having so found, we need not consider appellant's other contentions and we reverse the findings of the circuit court on post-conviction review denying appellant's petition for post-conviction relief and we remand the case for entry of judgment in conformity with this opinion.

DUNN, ZASTROW and PORTER, JJ., concur.

WOLLMAN, C. J., dissents.

WOLLMAN, Chief Justice (dissenting).

In *Merrill v. State,* 87 S.D. 285, 206 N.W.2d 828, we held that the record made at a post-conviction hearing may be used to establish that an accused was aware of his constitutional rights at the time he entered his guilty plea and that the plea was voluntarily and intelligently entered. I would extend the *Merrill* holding to the situation presented here and hold that the record made at the post-conviction hearing established a factual basis for appellant's guilty plea.

The arresting officer testified that appellant was found hiding in an alfalfa field approximately 100 feet from the abandoned vehicle that had been chased for approximately one mile by the city policeman. At the time of his arrest appellant had in his pockets some automobile keys from the used car lot from which the abandoned vehicle had been taken. It was the arresting officer's opinion, based upon his observation of appellant's on-scene conduct, including appellant's coordination (he was able to step

1. Fed.Rules Crim.Proc. rule 11(f), 18 U.S.C.A.

2. See *State v. Doherty,* S.D., 261 N.W.2d 677 (1978), n. 10 on page 682.

over a barbed wire fence unassisted while handcuffed) and demeanor, that appellant was not intoxicated or under the influence of drugs at the time he was arrested.

Appellant was represented at the arraignment and plea by competent counsel who had interviewed all known witnesses. Appellant was fully advised by the trial court of his constitutional rights prior to entering his plea. Whatever gaps existed in the factual record at the time of the plea, and I agree with the state's characterization of the factual basis as "extremely tenuous," those gaps were filled at the post-conviction hearing.

I would affirm the judgment denying post-conviction relief.