Steven Wayne PETRILLI, Sr.,
Petitioner and Appellant,

v.

Walter LEAPLEY, Warden, South
Dakota State Penitentiary,
Appellee.

No. 17646.

Supreme Court of South Dakota.

Considered on Briefs April 22, 1992.

Decided Sept. 23, 1992.

N. Dean Nasser, Jr. and Timothy J. Langley of Nasser Law Office, P.C., Sioux Falls, for petitioner and appellant.

Mark Barnett, Atty. Gen., Scott Bogue, Asst. Atty. Gen., Pierre, for appellee.

WUEST, Justice.

Wayne Petrilli, Sr. (Petrilli) appeals from the circuit court's Order denying his Application for Writ of Habeas Corpus. He raises four issues on appeal. We have combined two issues and will discuss the following three issues:

(1) Whether the felony conviction underlying Petrilli's conviction for being an habitual offender was constitutionally infirm because the court failed to establish a factual basis for the guilty plea.

(2) Whether the prior felony underlying Petrilli's conviction for being an habitual offender was improperly considered for purposes of enhancing his punishment.

(3) Whether Petrilli was denied effective assistance of counsel.

We affirm.

## FACTS

On February 4, 1988, a Minnehaha County Grand Jury indicted Petrilli for the of-

fenses of attempted premeditated murder in the first degree, attempted felony murder, robbery in the first degree and aggravated assault. Petrilli was represented by an attorney with the Minnehaha County Public Defender's Office.[1] As part of a plea bargain, wherein Petrilli agreed to cooperate in the State's prosecution of his co-defendant, Petrilli pled guilty to aggravated assault. In return, the State agreed to recommend a fifteen year sentence. Initially there was confusion whether this was intended to be a "cap" or merely a recommendation. Petrilli's defense counsel agreed it was only a recommendation.

The circuit court also accepted Petrilli's guilty plea to being an habitual offender. He had been convicted eight years earlier of being an accessory to a burglary in California. Aggravated assault is a class three felony, the maximum punishment is fifteen years and a $15,000 fine. Petrilli's admission to being an habitual offender enhanced the maximum possible punishment to twenty-five years and a $25,000 fine.

As a result of Petrilli's pleas, the circuit court sentenced him to twenty years. At that time, Petrilli had not yet testified against his co-defendant. The co-defendant later pled guilty. Therefore, at the court's invitation, Petrilli applied for a sentence reduction, and the sentence was reduced to fifteen years.

The habitual offender charge arose from a 1980 California conviction as an accessory to burglary. That conviction resulted from Petrilli pleading guilty as part of a plea bargain. Petrilli pled guilty to being an accessory to the offense charged in the second count of the Information against him. Count two charged him and two co-defendants with burglary. Petrilli was assisted by counsel during the California proceedings. Before accepting the plea, the court received affirmative responses that Petrilli understood he was waiving his right to trial, to avoid self-incrimination, and to confront the witnesses against him.

When Petrilli's South Dakota trial counsel was asked whether, based on his investigation, he was satisfied the California conviction was a felony in South Dakota, counsel answered, "Yes, sir. It would be the same as our accessory statute."

## SCOPE OF REVIEW

We note initially, on habeas corpus, the petitioner has the burden of proof. *Alexander v. Solem,* 383 N.W.2d 486, 489 (S.D.1986); *Spirit Track v. State,* 272 N.W.2d 803, 804 (S.D.1978). "Since habeas corpus is in the nature of a collateral attack upon a final judgment, the scope of review is limited." *Gross v. Solem,* 446 N.W.2d 49, 50 (S.D.1989). *Accord Everitt v. Solem,* 412 N.W.2d 119, 120 (S.D.1987); *Goodroad v. Solem,* 406 N.W.2d 141, 142 (S.D.1987); *State v. Erickson,* 80 S.D. 639, 129 N.W.2d 712, 715 (1964).

> Habeas corpus can be used only to review (1) whether the court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases, whether an incarcerated defendant has been deprived of basic constitutional rights.

*Gross,* 446 N.W.2d at 50. *Accord O'Conner v. Leapley,* 488 N.W.2d 421, 422–423 (S.D.1992); *Goodroad,* 406 N.W.2d at 144; *Everitt,* 412 N.W.2d at 121 (citing *Logan v. Solem,* 406 N.W.2d 714 (S.D.1987)); *Erickson,* 129 N.W.2d at 715. Habeas corpus is not a substitute for direct review. *O'Conner,* at 422; *Goodroad,* 406 N.W.2d at 143–44.

## I. FACTUAL BASIS FOR PRIOR GUILTY PLEA

Petrilli pled guilty to aiding and abetting a burglary in violation of sections 459 and 32 of the California Penal Code. He argues the guilty plea was constitutionally defective because the California court made no record of a factual basis for accepting the plea. We disagree.

"In *Goodroad,* 406 N.W.2d at 145, we held that the factual predicate of a guilty plea could not be raised in a habeas corpus

---

1. Petrilli is represented by different counsel on appeal.

review[.]" *Gross,* 446 N.W.2d at 51. In *Everitt,* we explained:

> Errors and irregularities in the proceedings of a court having jurisdiction of the person, subject matter and power to decide questions of law, are not reviewable though they may have been grounds for reversal on direct appeal. Jurisdiction is the power to hear and determine a controversy and to render judgment in accord with law. Excepting those actions in which the court may lose jurisdiction by a denial of due process, [citation omitted] this power includes the power to decide wrongly as well as rightly, to render an erroneous judgment as well as a correct one.... If error occur the remedy is by appeal.

*Everitt,* 412 N.W.2d at 121 (quoting *Goodroad,* 406 N.W.2d at 143).

The requirement that the trial court determine that there is a factual basis for accepting the plea is statutory. SDCL 23A–7–14; *Goodroad supra; Logan, supra; State v. King,* 400 N.W.2d 878 (S.D.1987). *Failure of the trial court to comply with SDCL 23A–7–14 may be grounds for appeal, but it does not reach the constitutional or jurisdictional proportions necessary to bring the question within the purview of habeas corpus.* In *Goodroad, supra,* 406 N.W.2d at 143, we said, " 'Habeas corpus cannot be utilized as a substitute for an appeal' [citations omitted]. Habeas corpus is not the proper remedy to correct irregular procedures, rather, in the context of post-conviction attacks on the conviction itself, habeas corpus reaches only jurisdictional error."

*Id.* (Emphasis added.) *Accord Gross,* 446 N.W.2d at 51–52; *Podoll v. Solem,* 408 N.W.2d 759 (S.D.1987); W. LaFave, J. Israel, *Criminal Procedure* § 20.4, at 653 (1984). *But see Spirit Track,* 272 N.W.2d at 805.

In this case, the sentence received by Petrilli appears to have been authorized by California law—at least Petrilli does not argue it was not. Further, the California court appears to have had jurisdiction of the person and of the subject matter before

it. In his reply brief, Petrilli argues the California court's failure to make a record of the factual basis for his California guilty plea rendered the prior conviction both constitutionally and jurisdictionally infirm because, as a result, Petrilli's guilty plea was involuntary and not knowingly made. Thus, we must decide whether the court lost jurisdiction through a denial of due process. *Everitt,* 412 N.W.2d at 121.

■■■ The rule that a trial court must establish a factual basis for a guilty plea is designed to protect the "core considerations" of the right against self-incrimination and the right to confront one's accusers. *State v. Schulz,* 409 N.W.2d 655, 658 (S.D.1987). A trial court may not accept a guilty plea without an affirmative showing the plea was voluntarily and intelligently made. *Nachtigall v. Erickson,* 85 S.D. 122, 178 N.W.2d 198, 200 (1970). A plea is intelligent and voluntary when the accused has a full understanding of his constitutional rights and, having that understanding, waives them. *Lodermeier v. State,* 273 N.W.2d 163, 164 (S.D.1978). If the plea is not intelligent and voluntary, it has been obtained in violation of due process and is void. *Nachtigall,* 178 N.W.2d at 200 (citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). The *Nachtigall* court found, post-*Boykin,* a guilty plea cannot stand "unless the record in some manner indicates a free and intelligent waiver of three constitutional rights ...; self-incrimination; confrontation; and jury trial—and an understanding of the nature and consequences of the plea." *Id.* at 201. Here, the California court canvassed Petrilli on the record regarding whether Petrilli was aware of and waived his rights (1) to a trial "of any kind," (2) to face and question his accusers, (3) to present a defense, (4) to require the State to prove its case beyond a reasonable doubt, and (5) to remain silent. The court explained to Petrilli that by pleading guilty, he was waiving all of those rights. Petrilli replied affirmatively to all of the court's inquiries.

■■■ While it is true the California court did not inquire into the factual basis

for Petrilli's plea on the record, we can find nothing in the authorities cited by Petrilli which would indicate this alone rendered Petrilli's plea involuntary or not knowingly made so as to subject the guilty plea to habeas review.[2] This is especially true since Petrilli was represented by counsel when he pled guilty to being an accomplice.

## II. THE CALIFORNIA CRIME WAS A FELONY IN SOUTH DAKOTA

In the next two issues raised by Petrilli, which we treat as one, Petrilli argues the record of the California conviction fails to show Petrilli was convicted of anything that would have constituted a felony in South Dakota. SDCL 22–7–7 (1988) provides in pertinent part:

> When a defendant has been convicted of one or two prior felonies under the laws of this state or any other state or the United States, in addition to the principal felony, the sentence for the principal felony shall be enhanced by changing the class of the principal felony to the next class which is more severe. *The determination of whether a prior offense is a felony ... shall be determined by whether it is a felony under the laws of this state or under the laws of the United States* at the time of conviction of such prior offense. (Emphasis added.)

Petrilli correctly points out a crime committed in another state may be considered a felony in South Dakota for the purposes of enhancing punishment only "if the minimal elements of the prior crime are substantially similar to the minimum elements of a crime in this state." *State v. Clothier*, 391 N.W.2d 197, 198 (S.D.1986). *Accord State v. Krana*, 272 N.W.2d 75, 80 (S.D.1978).

### A. *Accessory Conviction.*

The California Information which led to Petrilli's guilty plea charged Petrilli with

> ... a felony, to wit: Burglary, a violation of Section 459 of the Penal Code of California, in that on or about the 17th day of September, 1979, in the County of Alameda, State of California, said defendants did then and there enter a building, to wit: The residence of MARGARET NICOLAUS ..., with intent to commit theft.

The first count of the California Information charged Petrilli with robbing the same individual of money, purse and credit cards. The third count charged Petrilli with false imprisonment of the same individual by violence, menace, fraud and deceit. Petrilli pled guilty, as part of a plea bargain, to being an accessory to the burglary. No facts are set out to detail what specific things Petrilli did to render him guilty as an accessory. However, Petrilli stipulated being an accessory was a "lesser included" offense of the crime charged. Moreover, at the South Dakota sentencing hearing, Petrilli told the court he had pled guilty to being an accessory to a "strong-armed robbery."

Petrilli first argues because no factual basis was developed on the record, we must compare the California accessory statute with the South Dakota accessory statute which was in effect in 1980 to determine whether they are substantially similar. Secondly, Petrilli argues, because situations can be hypothesized which would constitute being an accessory in California but not in South Dakota, the two statutes are not substantially similar. Specifically, Petrilli claims if a defendant bribes a court official or provides a getaway car to a

**2.** Petrilli's argument that the California court's failure to establish a factual basis deprived it of jurisdiction was conclusively answered by the United States Supreme Court in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), wherein the Court noted "the 1966 amendment to [Federal Rule of Criminal Procedure] 11 obviously could not amend the Constitution or limit the jurisdiction of the federal courts." The *Timmreck* Court held a conviction based on a guilty plea is not subject to collateral attack under the federal habeas corpus act solely on the basis that a formal violation of Rule 11 occurred, such violation being neither constitutional nor jurisdictional. *Id.*, 441 U.S. at 783–84, 99 S.Ct. at 2087. Similar to Timmreck, Petrilli does not claim there was no factual basis for his California guilty plea. His only claim is a violation of SDCL 23A–7–2, which could have been raised on direct appeal. *Id.* There is no basis for us to allow Petrilli's "collateral attack to 'do service for an appeal.'" *Id.*

defendant out on bail, he is an accessory in California but not in South Dakota.

In *Krana,* we noted the circuit court was furnished with a copy of the indictment which contained the pertinent facts which were alleged and to which Krana had pled guilty. *Krana,* 272 N.W.2d at 80. By comparison, in *Clothier,* where no facts were available on which the underlying offense was based, we compared the language of the South Dakota and Oklahoma statutes. *Id.,* 391 N.W.2d at 199. We then engaged in analyzing hypothetical situations to determine whether acts could be conceived which might violate the out-of-state provision but would not violate our own statute. Here, we need not look at the two statutes in a factual vacuum as was the case in *Clothier.* Petrilli was indicted for his involvement in a robbery, burglary, false imprisonment scenario. As part of a plea bargain, Petrilli pled guilty to being an accessory to burglary committed by entering a residence with the intent to commit theft. He also stipulated it was a lesser included offense to the burglary charge. This factual predicate precludes us from looking for hypothetical situations as we did in *Clothier* and which Petrilli urges us to do now. *See State v. Stuck,* 434 N.W.2d 43, 48–49 (S.D.1988).

SDCL 22–3–5 provides:

A person is an accessory to a crime, if, with intent to hinder, delay or prevent the discovery, detection, apprehension, prosecution, conviction or punishment of another for the commission of a felony, he renders assistance to the other person. There are no accessories to misdemeanors.

"Render assistance" means to:

(1) Harbor or conceal the other person;

(2) Warn the other person of impending discovery or apprehension, except that this does not apply to a warning given in an effort to bring the other person into compliance with the law;

(3) Provide the other person with money, transportation, a weapon, a disguise or any other thing to be used in avoiding discovery or apprehension;

(4) Obstruct anyone by force, intimidation or deception in the performance of any act which might aid in the discovery, detection, apprehension, prosecution, conviction or punishment of the other person; or

(5) Conceal, destroy or alter any physical evidence that might aid in the discovery, detection, apprehension, prosecution, conviction or punishment of the other person.

A violation of this section is a Class 5 felony. Cal.Penal Code § 32 provides:

Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony.

Petrilli has not proven Cal.Penal Code § 32 is not substantially similar to SDCL 22–3–5; we find that it is. The California statute defines an "accessory" to a "felony" as a "person" who with "intent" "aids a principal" to "avoid" "conviction." Cal.Penal Code § 32 (West 1992). The South Dakota statute defines an "accessory to a crime" "of a felony" as a "person" who "with intent" to "prevent" a "conviction" "renders assistance." SDCL 22–3–5. The two statutes have similar, if not identical, meaning.

Further, contrary to Petitioner's argument, factual information in the indictment which led to the California guilty plea precludes any conclusion the plea resulted from an act which would be a felony under California's accessory statute but not under South Dakota's.

Moreover, even if the accessory conviction was improperly used to enhance Petrilli's sentence initially, any prejudice which might have existed was removed when the trial court modified his sentence from twenty to fifteen years—the sentence to which Petrilli agreed and a sentence within the authorized punishment for ag-

gravated assault alone. *See Krana,* 272 N.W.2d at 81; *State v. Provost,* 266 N.W.2d 96, 102 (S.D.1978).

### B. *Burglary Statutes.*

▆ The underlying offense for which Petrilli was convicted of being an accessory was burglary under section 459 of the California Penal Code. Petrilli again argues we must ignore the language contained in the information and look only at the statutory language. Petrilli argues it is possible what was felony burglary in California in 1979/1980 may have been only a misdemeanor under South Dakota's unlawful entry statute which provided:

> Any person who, under circumstances not amounting to burglary, enters a structure with intent to commit any crime is guilty of a Class 1 misdemeanor.

SDCL 22-32-16 (repealed by 1984 S.D.Laws, ch. 170, § 1). Petrilli then claims it is *possible* an entry punishable as a felony in California could be a misdemeanor in South Dakota. He carries this argument a step further by pointing out, under South Dakota law, there is no such thing as an accomplice to a misdemeanor.

Again, to accept Petrilli's argument, one would have to ignore the California indictments setting out the crimes with which Petrilli was actually charged and Petrilli's admission in the South Dakota sentencing hearing that he had pled guilty to being an accessory to a "strong armed robbery." Looking at the burglary charge alone, entering a residence with intent to commit theft constitutes either the felony of first,

second or third degree burglary under SDCL 22-32-1, -3, or -8 (1988), all of which were in effect in 1979-80.[3] Thus, the California felony would also have been a felony under SDCL 22-3-5.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Petrilli concedes under the rule of *Ashker v. Solem,* 457 N.W.2d 473, 475-76 (S.D. 1990), and *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), he must make two showings to demonstrate ineffective assistance of counsel:

(1) First, that counsel's performance was deficient, and

(2) Second, that the deficient performance prejudiced the defense.

Prejudice exists when there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The burden of proving prejudice rests upon the defendant. The defendant must overcome the strong presumption that counsel was competent. *Ashker,* 457 N.W.2d at 476 (Citations omitted).

▆ Petrilli's sole claim for ineffective assistance was that Petrilli's counsel either failed to order the record of Petrilli's plea in the 1980 California conviction or, if he did, failed to notice the absence of a factual basis for the plea. However, Petrilli can demonstrate no prejudice because of his trial counsel's perceived error. Petrilli

---

**3.** SDCL 22-32-1 provides:
   Any person who enters or remains in an occupied structure, with intent to commit any crime therein, is guilty of first degree burglary when:
   (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
   (2) The offender is armed with a dangerous weapon; or
   (3) The offense is committed in the nighttime.
   First degree burglary is a Class 2 felony.
   SDCL 22-32-3 provides:
   Any person who enters or remains in an occupied structure with intent to commit any crime therein under circumstances not amounting to first degree burglary, is guilty of second degree burglary. Second degree burglary is a Class 3 felony.

SDCL 22-32-8 provides in pertinent part:
   Any person who enters or remains in an unoccupied structure, with intent to commit any crime therein, is guilty of third degree burglary. Third degree burglary is a Class 4 felony.
   Cal.Penal Code § 459 provides in pertinent part:
   Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel ... railroad car ... trailer coach ... any house car ... inhabited camper ... vehicle ... when the doors are locked, aircraft ... or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary[.]

agreed to a plea bargain wherein the prosecutor recommended a fifteen year sentence in return for Petrilli's guilty plea to aggravated assault. This was not a "cap." The trial court originally sentenced Petrilli to twenty years, based in part on his guilty plea to the habitual offender charge. The judge later modified the sentence to fifteen years when it became apparent Petrilli's cooperation and testimony was no longer needed when his co-defendant pled guilty. Thus, Petrilli got exactly what he bargained for—a fifteen year prison sentence. It must be remembered, Petrilli was originally indicted for four major felonies.

Moreover, nowhere in Petrilli's Application for Writ of Habeas Corpus does he allege that, but for counsel's error, he would not have pled guilty but instead would have insisted upon a trial, as required by the United States Supreme Court's decision in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Petrilli has failed to demonstrate any prejudice resulting from trial counsel's failure to attack the California guilty plea.

We affirm.

MILLER, C.J., and HENDERSON and AMUNDSON, JJ., concur.

SABERS, J., concurs specially.

SABERS, Justice (concurring specially).

I write specially again to point out that habeas corpus reaches jurisdictional error, constitutional error, all "causes" listed in SDCL 21–27–16(1) through (7) and other illegal detentions, including those resulting from failure to comply with "substantive statutory procedure." *O'Connor v. Leapley*, 488 N.W.2d 421 (S.D.1992) (Sabers, J., concurring specially); *Podoll v. Solem*, 408 N.W.2d 759, 760–61 (S.D.1987); *Goodroad v. Solem*, 406 N.W.2d 141, 146 (S.D.1987) (Sabers, J., dissenting); and, *Security Sav. Bank v. Mueller*, 308 N.W.2d 761, 762–763 (S.D.1981).